FILED
July 23, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: Christian Rodriguez
DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **ENVIROTECH CHEMICAL SERVICES, INC.,** <br> **Plaintiff,** <br> **v.** <br> **CLEAN CHEMISTRY, INC.,** <br> **Defendant.** | § § § § § § § § § § | **CIVIL NO. 1:24-CV-01313-ADA** |

**FIRST SUPPLEMENTAL CLAIM CONSTRUCTION ORDER**

On November 12, 2025, the Court entered a claim construction order construing 14 terms. Due to recent discovery disputes, the Court provides further reasoning as to terms number 1 and 2. *See* ECF No. 47 at 2.

## I. LEGAL STANDARD

Generally, "[u]nless the steps of a method [claim] actually recite an order, the steps are not ordinarily construed to require one." *Interactive Gift Express, Inc. v. Compuserve Inc.*, 256 F.3d 1323, 1342 (Fed. Cir. 2001) (citation omitted). But a claim "requires an ordering of steps when the claim language, as a matter of logic or grammar, requires that the steps be performed in the order written, or the specification directly or implicitly requires." *TALtech Ltd. v. Esquel Apparel, Inc.*, 279 Fed. App'x. 974, 978 (Fed. Cir. 2008). Courts must "look to the rest of the specification to determine whether it 'directly or implicitly requires such a narrow construction.'" *Altiris, Inc. v. Symantec Corp.*, 318 F.3d 1363, 1370 (Fed. Cir. 2003).

## II. ANALYSIS

A representative method claim at issue here is reproduced below:

> **1**. A method of generating non-equilibrium solution of peracetic acid, comprising:
> a. providing water;
> b. introducing a hydrogen peroxide-triacetin solution to the water;
> c. mixing the hydrogen peroxide-triacetin solution and the water to form a mixture;
> d. adding an aqueous source of an alkali metal or earth alkali metal hydroxide to the mixture; and
> e. forming a reaction medium comprising a non-equilibrium solution of peracetic acid.

U.S. Pat. No. 8,546,449, cl. 1.

Here, the Court finds that the above claim language requires an ordering of steps as a matter of logic and grammar. For example, step b cannot be performed prior to step a. It is physically impossible to introduce a hydrogen peroxide-triacetin solution to water if no water exists. ’449 cl. 1. Moreover, it is impossible to mix the hydrogen peroxide-triacetin solution and water together, as required in step c, without at least step a and b occurring first. *Id.* Each step occurs in order as a matter of logic and grammar. *Id.* (step e forming a final solution requiring the completion of the previous steps). The specification presents the steps in order as well, absent one example discussed below. *See, e.g.*, ’449 13:39–15:39.

The one step that may be performed out of order is step d. While the Court agrees with Defendant that grammar indicates that step d must occur after step c, there is one embodiment disclosed in the specification where step d can occur at the same time as step b. *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1583 (Fed. Cir. 1996) (noting that interpreting a claim term that would exclude a preferred embodiment is “rarely, if ever, correct”). That disclosure is below:

> In other embodiments, the hydrogen peroxide and triacetin may be added separately, or sequentially, with either one first, or simultaneously, with [1] the sodium hydroxide added either simultaneously with, or [2] after, the hydrogen peroxide and triacetin.

’449 at 25:10–13. As disclosed above, the specification specifically discloses adding the hydrogen peroxide and triacetin of step b (1) separately from one another, (2) sequentially, with either one first, or (3) simultaneously together. *Id.* The specification goes on to say that the sodium hydroxide (i.e., alkali metal hydroxide of step d) is added [1] simultaneously with the hydrogen peroxide and triacetin of step b or [2] after the hydrogen peroxide and triacetin of step b. *Id.* Nowhere in the specification is any other order of any other step disclosed. *See* ECF No. 35 at 7. Thus, step d is logically required to be performed after step c, and the specification only discloses allowing step d to occur out of order when it occurs [1] simultaneously with step b or [2] after step b, as it is recited in the claims.

The Court’s construction is below, and is does not change from the one provided in ECF No. 47:

> Steps (a) to (e) must be performed sequentially in the same order in which they are recited in the claim or in the following order: (a), (b) and (d) simultaneously, (c), (e).

’449 Patent, Claim 1 and ’997 Patent, Claim 1 (Terms 1 and 2).

## III. CONCLUSION

It is so ordered.

**SIGNED** this 23rd day of July, 2026.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE