**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| **ENVIRO TECH CHEMICAL SERVICES, INC.,**<br><br>Plaintiff<br><br>v.<br><br>**CLEAN CHEMISTRY, INC.,**<br><br>Defendant | CASE NO. 1:24-CV-01313-ADA<br>**JURY TRIAL DEMANDED** |

**JOINT STATUS REPORT AND JOINT MOTION TO EXTEND STAY OF PROCEEDINGS**

## I. Introduction

Plaintiff Enviro Tech Chemical Services, Inc. ("Enviro Tech") and Defendant Clean Chemistry, Inc. ("Clean Chemistry") (collectively, the "Parties") respectfully submit this joint status report pursuant to the Court's August 17, 2026 Order Staying Case Deadlines (Dkt. 63), and jointly move this Court for entry of an order extending the existing stay of all proceedings and deadlines in this case for an additional thirty (30) days, through October 14, 2026. **This motion is agreed and unopposed.**

Since the Court entered the stay, the Parties have exchanged multiple drafts of the confidential settlement agreement and related agreements supporting settlement, and business representatives for the Parties have conferred directly to advance the remaining open items. Those efforts have produced meaningful progress toward final operative settlement documentation, and the Parties require a limited additional period to complete it. A short extension of the stay will continue to conserve judicial resources by avoiding unnecessary work on pending matters,

including the unresolved inspection protocol dispute before the Court, while the Parties memorialize their resolution.

**II. Background**

Enviro Tech owns U.S. Patent Nos. 8,546,449; 9,363,997; 9,730,443; and 9,737,072 (the "Asserted Patents"), directed to methods for production of, and compositions of, peracetic acid ("PAA"). Certain Clean Chemistry products and processes are accused of infringing the Asserted Patents. Since this action was filed, the Parties have engaged in substantial litigation activity, including claim construction, multiple IPR proceedings, and extensive fact discovery.

On May 14, 2026, the Court entered the current operative Scheduling Order (Dkt. 60), setting an inspections deadline of August 21, 2026, and deadlines for final infringement/invalidity contentions and amended pleadings of September 21, 2026.

In July 2026, the Parties submitted a discovery dispute regarding the inspection protocol for the Court's resolution. On July 28, 2026, the Court's law clerk, Mr. Dinnella, communicated that a hearing is necessary before resolving the dispute, but that the Court has "little to no hearing availability prior to Judge Albright's departure" and that "it is likely that this dispute will need to be decided once this case is reassigned."

On August 13, 2026, the Parties reached an agreement in principle to resolve all claims in this action. The Parties' framework contemplates the execution of a confidential settlement agreement and related supporting agreements, which the Parties anticipate finalizing within thirty days; hence, the Parties' requested a stay through September 14, 2026.

On August 17, 2026, the Court granted the Parties' motion and entered its Order Staying Case Deadlines (Dkt. 63), staying all deadlines and proceedings in this case through September 14, 2026 for the Parties to finalize settlement documents, and directing the Parties to file a joint

status report no later than September 16, 2026 advising the Court of the progress of settlement documentation, including whether the settlement has been finalized or whether additional time or further Court action is needed.

During the stay period, the Parties exchanged multiple drafts of the confidential settlement agreement and related supporting agreements, and business representatives for both Parties engaged in direct discussions to resolve open points. Those exchanges and discussions have resulted in meaningful progress toward final operative settlement documentation. The Parties anticipate completing that documentation within the next thirty days; hence, the Parties' request for a thirty-day extension of the stay through October 14, 2026.

**III. Legal Standard**

A district court possesses the inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990). In exercising that discretion, a court weighs "competing interests" and must "maintain an even balance." *Landis*, 299 U.S. at 254-55. A stay must not be "immoderate or of an indefinite duration." *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982). Relevant factors include potential prejudice, hardship if the stay is denied, and judicial economy. *Coker v. Select Energy Servs., LLC*, 161 F. Supp. 3d 492, 495–96 (S.D. Tex. 2015). Courts routinely stay patent cases when parties have reached agreement in principle to settle. *See Cisco Sys., Inc. v. Telcordia Techs., Inc.*, 590 F. Supp. 2d 828, 829–30 (E.D. Tex. 2008).

**IV. Good Cause Exists for a Brief Extension of the Stay**

Courts view four principal factors as relevant to deciding whether to grant a stay in this instance: (1) whether the stay is definite and of limited duration; (2) whether the stay will promote

judicial economy; (3) whether any party will be prejudiced by the stay; and (4) whether the interests of justice favor a stay. *See Coker*, 161 F. Supp. 3d at 495-96. Each factor supports a brief extension of the existing stay here.

First, the requested thirty-day extension is definite, modest, and tied to a specific objective: completing the confidential settlement agreement and related agreements that will effectuate the Parties' resolution. The extension would run only through October 14, 2026, and is not an open-ended or immoderate request. *See McKnight*, 667 F.2d at 479.

Second, the extension will conserve judicial resources. The Parties' settlement framework is expected to resolve all claims in this case and moot all pending disputes, including the inspection protocol dispute that is ripe and awaiting a hearing. Continuing the stay for a brief additional period avoids unnecessary expenditure of Court and party resources on matters that settlement will render moot.

Third, neither party will be prejudiced. Both Parties jointly request this relief, have agreed in principle to resolve all claims, and have made meaningful progress toward final settlement documentation during the stay. The requested extension preserves the status quo and all existing deadlines; if settlement is not finalized, proceedings will resume without any loss of rights. *See Coker*, 161 F. Supp. 3d at 495-96 (brief, limited stay avoids prejudice and promotes judicial economy).

Fourth, the interests of justice strongly favor extending the stay. Settlement would eliminate the need for further litigation activity, saving substantial party and Court resources. *See Garrett v. Alcorta*, 220 F. Supp. 3d 772, 777-78 (W.D. Tex. 2016) (courts have "wide discretion" to stay proceedings where special circumstances support it).

**V. Relief Requested**

The Parties respectfully request that the Court enter an order:

1. Extending the stay of all deadlines and proceedings in this case entered on August 17, 2026 (Dkt. 63) for an additional thirty (30) days, through October 14, 2026, for the Parties to finalize settlement documents, including all scheduling-order deadlines and the pending inspection protocol dispute; and
2. Requiring the Parties to file a joint status report no later than October 14, 2026 advising the Court of the progress of settlement documentation, including whether the settlement has been finalized or whether additional time or further Court action is needed.

**VI. Conclusion**

For the foregoing reasons, the Parties respectfully request that the Court grant this Motion and extend the stay of all deadlines and proceedings in this case through October 14, 2026.

Dated: September 14, 2026

Respectfully Submitted,

**EVERSHEDS SUTHERLAND (US) LLP**
BY: /s/ Ann G. Fort

Ann G. Fort (pro hac vice)
Georgia State Bar No. 269995
Lindsay M. Kriz (pro hac vice)
Georgia State Bar No. 624085
600 Peachtree Street NE, Suite 5200
Atlanta GA 30308
Telephone: 404.853.8000
Facsimile: 404.853.8806
annfort@eversheds-sutherland.com
lindsaykriz@eversheds-sutherland.com

Cameron C. Murphy (pro hac vice)
Georgia State Bar No. 347684
Florida Bar No. 125086
12255 El Camino Real, San Diego, CA
92130
Telephone: (858) 252-6502

cameronmurphy@eversheds-sutherland.com

and

Michael J. Woodson
Texas State Bar No. 24084117
98 San Jacinto Blvd, Suite 1600
Austin, Texas 78701
Telephone: 512.721.2770
Facsimile: 713.654.1301
michaelwoodson@eversheds-sutherland.com

***Attorneys for Plaintiff EnviroTech Chemical Services, Inc.***

Respectfully submitted,
**PHELPS DUNBAR LLP**

BY: *s/R. Andrew Patty II*
R. Andrew Patty II (TX Bar No. 4068590)
Lindsay Calhoun (TX Bar No. 24134740)
Phillip R. Dupré (TX Bar No. 24069650)
3600 N. Capital Texas Hwy., Ste. B300
Austin, TX 78746
Telephone: 737-220-8735
Facsimile: 713-626-1388
Email: drew.patty@phelps.com
lindsay.calhoun@phelps.com
phillip.dupre@phelps.com

and

Stephen Smith (D.C. Bar No. 453719)
*Admitted pro hac vice*
Adam Pivovar (D.C. Bar No. 1015247)
*Admitted pro hac vice*
Isha Agarwal (D.C. Bar No. 1743501)
*Admitted pro hac vice*
**COOLEY LLP**
1299 Pennsylvania Ave., N.W., Suite 700
Washington, D.C. 20004
Telephone: (202) 842-7800
Facsimile: (202) 842-7899
zcleanchemenvirotech@cooley.com

**ATTORNEYS FOR DEFENDANT CLEAN CHEMISTRY, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who have appeared electronically in this case are being served with this document on September 14, 2026, by way of the primary email address that said counsel supplied to the Court's CM/ECF system.

/s/ Ann G. Fort